**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for South Texas Bank, Appellant,**

v.

**Joe ROBERSON, Jr., Appellee.**

**No. B2347.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 9, 1980.

Neal Diamond, Diamond & Johnson, Houston, for appellant.

Timothy E. McKenna, Larry Hausler, Rolston & Hausler, Houston, for appellee.

Before SALAZAR, JUNELL and PAUL PRESSLER, JJ.

JUNELL, Justice.

This appeal concerns the dismissal for want of prosecution of a cause of action

brought by appellant, Federal Deposit Insurance Corporation, as Receiver for South Texas Bank, against appellee, Joe Roberson, Jr. Suit was filed on August 20, 1976 to recover on a promissory note executed by appellee on June 19, 1975.

On September 21, 1976 appellant filed its motion for Summary Judgment. Appellee thereafter filed his Amended Original Answer and his Response to Plaintiff's Motion for Summary Judgment with an appended affidavit. At a hearing held on January 21, 1977, the *Motion for Summary Judgment* was denied.

On August 10, 1978, appellant filed a trial setting request for the week of September 25, 1978, but the case was not reached. A second request was filed on October 12, 1978 for a setting during the week of December 11, 1978. Again the case was not reached. The transcript contains a third setting request for the week of November 19, 1979. There is no clerk's file mark on this request, but the face of the request states that it was made on October 12, 1979.

A notice of intent to dismiss for want of prosecution, which bears a file mark of September 27, 1979, was mailed to appellant. That notice stated as follows:

TO ALL ATTORNEYS IN SAID CAUSE:

On October 26, 1979 , the above styled and numbered cause will be dismissed for want of prosecution at plaintiff's cost unless good cause is shown why it should remain on the docket. The dismissal docket will be called at 10:00 a.m.

If you have good cause why same should remain on the docket, you are instructed to advise the COURT IN WRITING before said date set above for dismissal.

Pursuant to that notice, on October 16, 1979, appellant filed a written Motion to Retain. No one representing appellant appeared at docket call on October 26, 1976 since a written motion to retain had been filed.

Thereafter appellant received notice that the court had entered its Order of Dismissal on November 8, 1979. That order of dismissal reads as follows:

The above styled and numbered cause having been duly and regularly set for trial on the docket of this Court for  October 26, 1979 , at 10:00 a.m., and the parties or their attorneys of record having been notified of said setting, said cause was duly called in its order on the aforesaid date; and

WHEREAS, the attorneys for all parties in said cause wholly failed to appear in Court, and failed to make any announcement at the call of the docket; it is

ORDERED, ADJUDGED AND DECREED by the Court that said cause be, and the same is hereby dropped and dismissed from the docket of this Court for want of prosecution, *and all relief sought by plaintiffs, cross plaintiffs, intervenors, and any other parties to said cause is hereby denied,* and all costs herein are adjudged against the plaintiff, for which let execution issue.

Entered  November 8, 1979 . [emphasis added].

Although appellant has framed his point of error in terms of an abuse of discretion by the trial court, we do not reach the abuse of discretion point. We reverse and remand the case because of fundamental error.

■ Fundamental error is defined as "an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state . . . ." *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 983 (1947). Fundamental errors may be considered by the courts of civil appeals even though not distinctly assigned and briefed. *Id.,* 205 S.W.2d at 982.

Because of the foregoing grant of power from the supreme court, we examine the form of the dismissal rendered by the trial court. A dismissal is not intended to be an adjudication of the merits of the case or the rights of the parties. It merely returns the parties to the position they were in before the suit was brought. *Crofts v. Court of*

*Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962). Additionally the Texas Constitution states that:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land. Tex.Const. art. I, § 19.

■ The document in this case which is denominated "Order of Dismissal For Want of Prosecution" states that the cause was "duly and regularly set for trial on the docket." It also states the case is dismissed from the docket for want of prosecution and that ". . . all relief sought by plaintiffs, cross plaintiffs, intervenors, and any other parties to said cause is hereby denied. . . ." We hold that such a statement purports to be a decision on the merits. A decision on the merits is inappropriate at a hearing on a Motion to Retain a case on the docket and is a violation of due process as protected by article 1, section 19 of the Texas Constitution. Thus, we reverse and remand the case for further consideration of the motion to reinstate pursuant to Tex.R.Civ.P. 165a.

The record before us contains no statement of facts from the hearing on the Motion to Reinstate. It does contain the Notice of the court that it intended to dismiss the cause for want of prosecution unless good cause was shown, *in writing*, before the date set for the dismissal. Additionally, the file before us contains appellant's written Motion to Retain explaining why the case should not be dismissed, four trial setting requests filed by appellant and appellant's unverified Motion to Reinstate. From this record it appears to us that there probably was good cause to retain the case on the docket. If the case was dismissed only because appellant's counsel failed to appear at the docket call on the day the dismissal docket was heard, that may well have been an abuse of discretion since appellant had complied with that portion of the court's notice requiring a *written* delineation of good cause for the retention of the case on the docket well before the date of the docket call.

We reverse and remand the cause to the trial court with instructions to conduct a fully developed hearing on the Motion to Reinstate.

Reversed and remanded.