Hilario ALVARADO, Appellant,

v.

MAGIC VALLEY ELECTRIC CO–OP, INC., Appellee.

No. 04–88–00610–CV.

Court of Appeals of Texas, San Antonio.

Jan. 17, 1990.

Rehearing Denied Feb. 21, 1990.

Catherine M. Stone and W. Burl Brock, Watkins & Brock, San Antonio, for appellant.

Charles W. Hury, Atlas & Hall, McAllen, for appellee.

Before BUTTS and REEVES, JJ., and GERALD T. BISSETT, Assigned Justice.

## OPINION

GERALD T. BISSETT, Assigned Justice [1].

This is an appeal by Hilario Alvarado, plaintiff in the trial court, hereafter "Alvarado," from an order which dismissed his action for damages against Magic Valley Electric Co-op, Inc., hereafter "Magic Valley." The appeal reaches this Court by way of writ of error. Alvarado presents three points of error; he contends: 1) the trial court erred in dismissing his suit because he was not provided with notice of the "dismissal docket call" of the case; 2)

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas, pursuant to TEX.

the trial court erred in failing to provide him with notice of "entry of the order of dismissal"; and 3) the trial court committed fundamental error in dismissing the case on the merits.

Alvarado filed his suit against Magic Valley on August 26, 1985, to recover damages which he sustained on August 27, 1983, when a slaughter house owned by him was destroyed by fire. He alleged that the fire and the resulting damages were caused by the negligence of Magic Valley in failing to properly wire (electrically) such premises and in failing to properly maintain certain electrical equipment installed by it in the building. He amended his petition on March 7, 1987.

On April 4, 1988, the trial court issued a notice, denominated "DISMISSAL DOCKET CALL," which advised "that a formal call of the dismissed docket" will be held on April 4, 1988. The notice is not dated, is a "form" notice, and is neither directed to a specific attorney nor refers to a specific case. The notice stated that all cases that have been filed will be either set for trial, dismissed or transferred to the County Court.

Alvarado did not make an announcement at the dismissal docket call which was conducted as scheduled. The trial court dismissed the suit against Magic Valley by order signed on April 4, 1988. The order, in part, recites:

[t]he court ... after noting that the plaintiff did not make announcements, is of the opinion that this matter should be dismissed for want of prosecution;

It is therefore, ORDERED, ADJUDGED and DECREED that this action is in all things dismissed....

All other relief is expressly denied.

Alvarado claims that he did not receive a copy of either the notice of the dismissal docket call or the order of dismissal. He filed his petition for writ of error on October 4, 1988, wherein he alleged:

GOV'T CODE ANN. § 74.003 (Vernon 1988).

The record before the trial court affirmatively shows that Appellant was not given notice of the setting of this cause on the dismissal docket, and further shows that Appellant was not given notice of the entry of the Order of Dismissal.

Alvarado was represented by the law firm of Watkins, Mireles, Brock & Barrientos, P.C., whose correct mailing address, as shown by the record, was "803 E. Mistletoe, San Antonio, Texas 78212." The clerk of the district court of Starr County certified that "a true copy of the envelope in which the letter of dismissal docket call of April 4, 1988, was send (sic) to this address." The copy shows that the envelope was addressed to "Walkins (sic), Mireles, Brock & Barrientos" at some street number, which is illegible, on "E. Mistletoe, San Antonio, Tex. 78205." The district clerk was asked by Alvarado to include in the transcript "proof of service, if any, of notice of the signing of the order of dismissal." There is nothing in the record which indicates that the clerk notified Alvarado of the rendition (or entry) of judgment, and there is no certification by the clerk concerning the absence of such notice in the file. Alvarado states in his brief: "Counsel for Alvarado became aware of the order dismissing his case on October 3, 1988...."

The four elements necessary for a review by writ of error are set out in *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). It is undisputed that Alvarado timely petitioned for a writ of error, that he was a party to the suit and that he did not participate at the trial. At issue is whether reversible error appears in the face of the record.

■ A writ of error constitutes a direct attack on the judgment, and in order for an appellant to obtain relief, the invalidity of the judgment must be disclosed by the papers on file in the case. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 711 (1961); *Fears v. Mechanical & Indus. Technicians, Inc.*, 654 S.W.2d 524, 527–28 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). The usual presumptions of a judgment's validity are not indulged in a writ of error proceeding. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965).

TEX.R.CIV.P. 165a, in effect at all times relevant to this appeal, in pertinent part, provides:

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.... Notice of the signing of the order of dismissal shall be given as provided in Rule 306a.

TEX.R.CIV.P. 306a, in effect at all times relevant to this appeal, in pertinent part, provides:

3. **Notice of Judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed.

4. **No Notice of Judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

5. **Motion, Notice and Hearing.** In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the

date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

■ After the expiration of six months from the date the order of dismissal is signed, the trial court may not reinstate the cause; the remedy available to an appellant in that situation is by way of a bill of review. *Danforth Memorial Hosp. v. Harris,* 573 S.W.2d 762, 763 (Tex.1978).

Justice Brown, speaking for the court in *Degen v. General Coatings, Inc.,* 705 S.W.2d 734, 735 (Tex.App.—Houston [14th Dist.] 1986, no writ), observed:

If this dismissal was granted under Rule 165a, then such dismissal was improper. Rule 165a authorizes dismissal of a suit on the failure of any party seeking affirmative relief or his attorney to appear for any *hearing or trial.* Rule 165a originally provided "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial *or docket call* of which he had notice ..." As of January 1, 1976, when Rule 165a was amended, docket call was omitted from the rule. The promulgation of rules and amendments thereto is a legislative act of the court, and the rules have the force of statutes. *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428 (1959); *Church v. Crites,* 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). We must give some effect to changes in the words of legislative acts, and must also construe their words, so as to accomplish the legislative intent. *Independent Life Ins. Co. of America v. Work,* 124 Tex. 281, 77 S.W.2d 1036 (1934). Thus a suit cannot be dismissed for failure to appear at a *docket call. See Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943, 946 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). A reading of the above cited judgment indicates that this suit was dismissed for failure to appear at docket call.

It has been held that where there was no evidence that the appellant, defendant in the trial court, received either actual notice or constructive notice of a trial setting and that he did not have notice of the trial date pursuant to TEX.R.CIV.P. 245 and 21a, that the judgment of the trial court should be reversed and the cause remanded. *Wilson v. Indus. Leasing Corp.,* 689 S.W.2d 496, 498 (Tex.App.—Houston [1st Dist.] 1985, no writ); *see Williams v. Holley,* 653 S.W.2d 639, 640 (Tex.App.—Waco 1983, writ ref'd n.r.e.). It has also been held that the right to be heard in a contested case is fundamental and that failure to give *adequate* notice of the trial setting constitutes lack of due process. *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Mach. Co.,* 629 S.W.2d 142, 143–44 (Tex. App.—Dallas 1982, writ ref'd n.r.e.); *Morris v. Morris,* 554 S.W.2d 792, 793 (Tex.Civ. App.—San Antonio 1977, no writ). Similarly, a party is entitled to notice of a trial setting where a post-answer default judgment has been rendered against him. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). The same rule applies to the case at bar, where the defendant did not receive notice of the dismissal docket call.

■ Alvarado, in his verified petition for a writ of error, has alleged that he was not given notice that this case was on the dismissal docket call nor was he notified of the entry of the order of dismissal. The statement in his original brief that he "became aware" of the dismissal "on October 3, 1988," is accepted by this Court as correct, since it was not challenged by Magic Valley. *See* TEX.R.APP.P. 74(f).

The Texas Rules of Civil Procedure envision that all notices required to be mailed to the parties must be properly addressed to the addressee at his correct address, as shown by the record. That was not done in this case. While it is established that a notice was mailed to Alvarado's attorneys of record, it is further shown that the envelope containing the notice was not addressed to the attorneys at their correct address; first, the street number is illegible, and, second, the envelope showed the zip code to be "78205," when the correct

zip code was "78212." Under the circumstances, we hold that the record shows on its face that Alvarado was not notified by the district clerk of the setting of his case on the dismissal docket, as required by Rule 165a.

Magic Valley contends that the applicable time periods set forth in TEX.R.CIV.P. 165a and 306a for Alvarado to complain that he did not receive notice of the dismissal docket call have expired, and that he has failed to exhaust his remedies in the trial court. We do not agree.

■ Rule 165a, as now amended, which applies to this case, provides that a motion to reinstate a dismissed case shall be filed within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. It is obvious that if the party does not receive notice of the signing of the order of dismissal within thirty days of such signing, the time periods referenced in Rule 306a are not applicable. In other words, a party cannot be expected to file a motion to reinstate within thirty days if the party had no notice or knowledge that a dismissal order was signed. The Rule also acknowledges that if there is failure to mail the notice of signing the dismissal order, then Rule 306a provides the framework for timetables. Rule 306a(4) in turn provides that if no notice or actual knowledge is acquired within twenty days of the signing of the order, then the periods begin to run from the date the notice or knowledge was acquired. Under the rule, in no event will the periods begin to run more than ninety days after the signing of the order. Clearly, Rule 306a applies only if notice or knowledge of the signing of the order is received within ninety days. The rule is inapplicable when, as here, notice or knowledge of the order is received more than ninety days after the order was signed.

Prior to the 1988 amendment, Rule 165a (Vernon 1979) allowed a trial court to reinstate a case at any time within thirty days after the party first received notice or actual knowledge of the signing of the order of dismissal, but in no event later than six months after the date of the signing of the order of dismissal. Under the current Rule 165a, the trial court does not retain jurisdiction for a six months period of time. Alvarado's first point of error is sustained.

■ As already noted, the order of dismissal, while indicating that the case should be dismissed for want of prosecution, actually dismissed the action and further decreed that "all other relief is expressly denied." Alvarado contends that the trial court committed fundamental error by including in the judgment "all other relief is expressly denied." We agree. Such a statement constitutes a decision on the merits. *Federal Deposit Ins. Corp. v. Roberson*, 603 S.W.2d 278, 280 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ); *see Stein v. Lewisville Indep. School Dist.*, 481 S.W.2d 436, 441 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), *cert. denied*, 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973).

A dismissal is not intended to be an adjudication of the merits of the case or the rights of the parties; it merely returns the parties to the position that they were in before suit was filed. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962). In rendering judgment dismissing a lawsuit for want of prosecution, a trial court must refrain from rendering a judgment on the merits of the suit. *Zachary v. Overton*, 157 S.W.2d 405, 406 (Tex.Civ.App. —Galveston 1941, writ ref'd w.o.m.).

TEX.R.CIV.P. 165a authorizes a trial judge to dismiss a suit for want of prosecution, *and no more. Burger v. Young*, 78 Tex. 656, 15 S.W. 107, 107 (1890). A judge who renders a judgment other than that authorized by such rule has exceeded his jurisdiction. Alvarado's third point of error is sustained.

Since we are reversing the trial court's judgment and are remanding the cause, it is not necessary that we dispose of Alvarado's second point of error.

The judgment of the trial court is reversed and the cause is remanded with instructions to reinstate the case on the court's docket.