PATTERSON V. HERB EASLEY MOTORS AND BANK OF AMERICA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-351-CV

PEGGY PATTERSON APPELLANT

V.

HERB EASLEY MOTORS, INC. AND APPELLEES

BANK OF AMERICA

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Peggy Patterson’s suit was dismissed by the trial court for want of prosecution.  We modify the trial court’s judgment and affirm as modified. 

Background

On September 27, 2000, Appellant filed her original petition against Appellees Herb Easley Motors, Inc. (Easley Motors) and Bank of America.  Appellant alleged that on March 9, 1997, she purchased a used car from Easley Motors and was specifically informed that the car had previously been owned by only one person, had been well cared for, and had never been wrecked or damaged.  She then signed a retail installment sale contract.  Appellant subsequently learned that in fact the car had been a rental car and had sustained considerable damage.  Appellant sued Appellees for fraud.
(footnote: 2)  Both Appellees answered the suit in October 2000, and Bank of America filed a request for disclosures. 

On August 15, 2002, Appellant filed a motion to retain the case on the trial court’s docket.  On September 3, 2002, the court entered an order retaining the case on the docket.

Without anything further transpiring in the case, on March 16, 2004 the trial judge sent the parties a signed “Notice Of Disposition Deadline” stating,

Please be advised that the disposition deadline for this case is 
May 17, 2004
.  If you have not set and had this matter heard before the disposition deadline this case will be 
DISMISSED FOR WANT OF PROSECUTION
 on that date without further notice.  Hearing dates may be obtained from my Court Coordinator.

On May 17, 2004, Appellant filed a request for a jury trial and a trial setting for the jury weeks of September 2004.

On May 18, 2004, the trial judge issued the following order:

ORDER TO SHOW CAUSE

On this date the Court was advised of a Rule 216 Request for Jury Trial and Trial Setting of September, 2004 filed herein by the Plaintiff on May 17, 2004.  The Court finds that a Notice of Disposition Deadline was filed and mailed to all parties and counsel of record on March 16, 2004, advising that this case would be dismissed for want of prosecution if not set and heard by May 17, 2004.

It is therefore 
ORDERED
 that the parties appear before this court on the 14th day of June, 2004, at 1:00 p.m. to show cause why this case should not be dismissed in accordance with Rule 165a, Texas Rules of Civil Procedure.

In their appellate briefs to this court, Appellant and Appellees acknowledge that a hearing was held as scheduled on June 14, 2004 and that counsel for all parties appeared at the hearing.  However, the appellate record does not contain a reporter’s record from the hearing, and the parties’ briefs do not contain an explanation for the absence of a reporter’s record from the June 14, 2004 hearing that resulted in the case being dismissed for want of prosecution.

On August 10, 2004, the trial court signed an order dismissing the case for want of prosecution.  The order references the court’s March 16, 2004 notice and the May 18, 2004 show cause order.  The court held as follows:

The Court finds, based upon the Court’s official record and the evidence and argument of counsel offered at the show cause hearing, that there is not good cause for this case to be maintained on the docket.  It should be dismissed for want of prosecution.

The order concludes with the language, “All relief not expressly herein granted is hereby denied.”

On September 9, 2004, Appellant timely filed a verified motion to reinstate.  
See
 
Tex. R. Civ. P.
 165a(3).  A hearing on the motion was held on October 14, 2004, and the trial court denied Appellant’s motion to reinstate on November 1, 2004.  Appellant has filed a reporter’s record from the hearing on her motion to reinstate.

In three issues on appeal, Appellant contends the trial court:  abused its discretion by requiring Appellant to set and dispose of this case within sixty days; erred by dismissing this case under Rule 165a because failure to set and dispose of a case within sixty days is not a ground for dismissal under Rule 165a; and erred by holding that “[a]ll relief not expressly herein granted is hereby denied.”    

Trial Court’s Authority To Dismiss For Want Of Prosecution

A trial court's authority to dismiss for want of prosecution stems from two sources:  (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power.  
See
 
Villarreal v. San Antonio Truck & Equip.
, 994 S.W.2d 628, 630 (Tex. 1999); 
Veterans' Land Bd. v. Williams
, 543 S.W.2d 89, 90 (Tex. 1976).  A trial court may dismiss under Rule 165a on “failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice,” or when a case is “not disposed of within time standards promulgated by the Supreme Court.” 
 Tex. R. Civ. P.
 165a(1)-(2).  In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.  
Villarreal, 
994 S.W.2d at 630; 
State v. Rotello
, 671 S.W.2d 507, 508-09 (Tex. 1984).

A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or under the court’s inherent power.  
See
 
Tex. R. Civ. P.
 165a(1) (“Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney”); 
Villarreal,
 994 S.W.2d at 630.  The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process.  
Tex. Sting, Ltd. v. R.B. Foods, Inc.
, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); 
Franklin v. Sherman ISD
, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).  The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal.  
Villarreal
, 994 S.W.2d at 630-31.

Standard Of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard.  
MacGregor v. Rich
, 941 S.W.2d 74, 75 (Tex. 1997); 
Rotello
, 671 S.W.2d at 509.  A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986); 
Johnson-Snodgrass v. KTAO, Inc.
, 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism’d).

Discussion

Notification of intent to dismiss for want of prosecution
 

The court’s May 18, 2004 “Order To Show Cause” specifically ordered the parties to show cause why this case should not be dismissed in accordance with Rule 165a of the Texas Rules of Civil Procedure.  The show cause order references the court’s prior “Notice Of Disposition Deadline,” which sets a specific disposition deadline and notifies the parties that the case will be dismissed for want of prosecution on that date unless the case has been heard before the disposition deadline.  The Notice does not specifically mention whether the court is notifying the parties that the case will be dismissed under the court’s inherent power or pursuant to Rule 165a(2).
(footnote: 3)  However, when the Notice is reviewed in conjunction with the court’s subsequent order to show cause, which expressly references Rule 165a, it is evident that the trial court is notifying the parties that it intends to consider dismissal under Rule 165a(2) which provides as follows:

2.  Non-Compliance With Time Standards.
  Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.       

Tex. R. Civ. P.
 165a(2).  These standards provide that a district judge should, so far as reasonably possible, ensure that all non-family law civil cases be brought to trial or final disposition within twelve months from appearance date for non-jury cases, and within eighteen months from appearance date for jury cases. 
See
 
Tex. R. Jud. Admin.
 6(b), 
reprinted in
 
Tex. Gov’t Code Ann
., tit. 2, subtit. F app. (Vernon 2005).
(footnote: 4)
Did the trial court abuse its discretion in dismissing for want of prosecution?
 

We first address the question of whether Appellant challenges the denial of her motion to reinstate the case.  A trial court “shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.”  
Tex. R. Civ. P.
 165a(3).
(footnote: 5)  Appellant filed the reporter’s record from the hearing on her motion to reinstate.  However, in her appellate brief Appellant does not in any way address or challenge the denial of her motion to reinstate.  Even liberally construing the wording of Appellant’s issues and the argument presented, 
see
 
Tex. R. App. P.
  38.9, there is no complaint in Appellant’s brief pertaining to the trial court’s denial of her motion to reinstate.
(footnote: 6)  Accordingly, the question of whether the trial court abused its discretion in denying Appellant’s motion to reinstate is not before this court.  

Having determined that Appellant does not challenge the denial of her motion to reinstate, we now address Appellant’s two issues complaining of the trial court’s dismissing the suit for want of prosecution.  The trial court’s dismissal order states that at the June 14, 2004 hearing all parties announced ready, and the court proceeded to hear and consider the evidence and argument of counsel.  The order concludes that “based upon the Court’s official record and the evidence and argument of counsel offered at the show cause hearing, that there is not good cause for this case to be maintained on the docket.  It should be dismissed for want of prosecution.”

The record on appeal does not reflect that Appellant requested the court reporter to prepare the record from the June 14, 2004 hearing that resulted in the trial court dismissing the case for prosecution, nor has a reporter’s record from that hearing been filed.  Generally, in the absence of a reporter’s record, it must be presumed that sufficient evidence was introduced to support the judgment of the court.  
Murray v. Devco, Ltd.
, 731 S.W.2d 555, 557 (Tex. 1987).  Also, the burden is on a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal.  
Id.  
In the absence of a reporter’s record from the dismissal hearing, we must presume that sufficient evidence was introduced to support the judgment of the court.  
See id. 
 For this reason, we hold the trial court did not abuse its discretion in dismissing Appellant’s case for want of prosecution.  We overrule Appellant’s second and third issues.

Inclusion of “Mother Hubbard clause”
(footnote: 7) in the dismissal order
 

In her first issue, Appellant complains that the trial court’s dismissal order concludes with the phrase, “All relief not expressly herein granted is hereby denied.”

A dismissal is not intended to be an adjudication of the merits of the case or the rights of the parties; it merely returns the parties to the position that they were in before suit was filed.  
Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist.
, 362 S.W.2d 101, 104 (Tex. 1962); 
Alvarado v. Magic Valley Elec. Co-op, Inc.
, 784 S.W.2d 729, 733 (Tex. App.—San Antonio 1990, writ denied).  In rendering judgment dismissing a lawsuit for want of prosecution, a trial court must refrain from rendering a judgment on the merits of the suit.  
Alvarado
, 784 S.W.2d at 733.  If the order dismissing for want of prosecution purports to make any disposition on the merits, it is error. 
 Garcia-Marroquin v. Nueces County Bail Bond Bd.
, 1 S.W.3d 366, 379 n.8 (Tex. App.—Corpus Christi 1999, no pet.).  Accordingly, we hold that the inclusion of the Mother Hubbard clause in the instant case was error.  
See
 
Alvarado
, 784 S.W.2d at 733.  We sustain Appellant’s first issue and modify the trial court’s judgment to delete the phrase, “All relief not expressly herein granted is hereby denied.”  
See
 
Tex. R. App. P.
 43.2(b).

Conclusion

We modify the trial court’s judgment to delete the phrase, “All relief not expressly herein granted is hereby denied.”  We affirm the judgment as modified.

BOB MCCOY

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The retail installment sale contract is not contained in the appellate record, and Appellant’s petition does not indicate how Bank of America was involved in the complained-of transaction.  In its brief on appeal, Bank of America states that its sole role in the transaction was that of a lender.

3:
We encourage trial courts to insure that the court’s notice or order to the parties accurately and clearly informs them whether the court is considering dismissing for want of prosecution under the court’s inherent power or pursuant to the provisions of a specific subsection of Rule 165a. 
 See, e.g.,
 
Villarreal
, 994 S.W.2d at 635 (Enoch, J., dissenting) (suggesting that Bexar County District Clerk’s office consider rewriting its standard notice of intent to dismiss to include the phrase, “The trial court is invoking its inherent power to dismiss this case for want of prosecution.”) 

4:
Located in volume 3 of the Texas Government Code, page 683.

5:
The operative standard is essentially the same as that for setting aside a default judgment.  
Smith v. Babcock & Wilcox Const. Co.
, 
Inc.
, 913 S.W.2d 467, 468 (Tex. 1995).

6:
We further observe that in her notice of appeal, Appellant states that she appeals from the “‘Dismissal for Want of Prosecution’ which was signed by the Court on August 10, 2004.”  We do not intend to imply that the notice of appeal was required to recite that Appellant also sought to appeal from the trial court’s November 1, 2004 order denying her motion to reinstate.  We merely point out the specific wording of the notice of appeal because it lends additional support to the proposition that Appellant does not challenge the denial of her motion to reinstate.    

7:
A “Mother Hubbard” clause generally recites that all relief not expressly granted is denied.  
Mafrige v. Ross
, 866 S.W.2d 590, 590 n.1 (Tex. 1993), 
overruled on other grounds
, 
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 203 (Tex. 2001).