COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-351-CV
 
 
PEGGY 
PATTERSON                                                              APPELLANT
  
V.
  
HERB 
EASLEY MOTORS, INC. AND                                          APPELLEES
BANK 
OF AMERICA
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Peggy Patterson’s suit was dismissed by the trial court for want of 
prosecution.  We modify the trial court’s judgment and affirm as 
modified.
Background
        On 
September 27, 2000, Appellant filed her original petition against Appellees Herb 
Easley Motors, Inc. (Easley Motors) and Bank of America.  Appellant alleged 
that on March 9, 1997, she purchased a used car from Easley Motors and was 
specifically informed that the car had previously been owned by only one person, 
had been well cared for, and had never been wrecked or damaged.  She then 
signed a retail installment sale contract.  Appellant subsequently learned 
that in fact the car had been a rental car and had sustained considerable 
damage.  Appellant sued Appellees for fraud.[2]  
Both Appellees answered the suit in October 2000, and Bank of America filed a 
request for disclosures.
        On 
August 15, 2002, Appellant filed a motion to retain the case on the trial 
court’s docket.  On September 3, 2002, the court entered an order 
retaining the case on the docket.
        Without 
anything further transpiring in the case, on March 16, 2004 the trial judge sent 
the parties a signed “Notice Of Disposition Deadline” stating,
  
Please be advised that the disposition deadline for this case is May 17, 2004.  If you have not 
set and had this matter heard before the disposition deadline this case will be DISMISSED FOR WANT OF PROSECUTION on that date 
without further notice.  Hearing dates may be obtained from my Court 
Coordinator.
 
 
On 
May 17, 2004, Appellant filed a request for a jury trial and a trial setting for 
the jury weeks of September 2004.
        On 
May 18, 2004, the trial judge issued the following order:
   

ORDER TO SHOW CAUSE
  
On 
this date the Court was advised of a Rule 216 Request for Jury Trial and Trial 
Setting of September, 2004 filed herein by the Plaintiff on May 17, 2004.  
The Court finds that a Notice of Disposition Deadline was filed and mailed to 
all parties and counsel of record on March 16, 2004, advising that this case 
would be dismissed for want of prosecution if not set and heard by May 17, 2004.
  
It 
is therefore ORDERED that the parties 
appear before this court on the 14th day of June, 2004, at 1:00 p.m. to show 
cause why this case should not be dismissed in accordance with Rule 165a, Texas 
Rules of Civil Procedure.
 
 
        In 
their appellate briefs to this court, Appellant and Appellees acknowledge that a 
hearing was held as scheduled on June 14, 2004 and that counsel for all parties 
appeared at the hearing.  However, the appellate record does not contain a 
reporter’s record from the hearing, and the parties’ briefs do not contain 
an explanation for the absence of a reporter’s record from the June 14, 2004 
hearing that resulted in the case being dismissed for want of prosecution.
        On 
August 10, 2004, the trial court signed an order dismissing the case for want of 
prosecution.  The order references the court’s March 16, 2004 notice and 
the May 18, 2004 show cause order.  The court held as follows:
  
The Court finds, based upon the Court’s official record and the evidence and 
argument of counsel offered at the show cause hearing, that there is not good 
cause for this case to be maintained on the docket. It should be dismissed for 
want of prosecution.
 
 
The 
order concludes with the language, “All relief not expressly herein granted is 
hereby denied.”
        On 
September 9, 2004, Appellant timely filed a verified motion to reinstate.  See 
Tex. R. Civ. P. 165a(3).  A 
hearing on the motion was held on October 14, 2004, and the trial court denied 
Appellant’s motion to reinstate on November 1, 2004.  Appellant has filed 
a reporter’s record from the hearing on her motion to reinstate.
        In 
three issues on appeal, Appellant contends the trial court: abused its 
discretion by requiring Appellant to set and dispose of this case within sixty 
days; erred by dismissing this case under Rule 165a because failure to set and 
dispose of a case within sixty days is not a ground for dismissal under Rule 
165a; and erred by holding that “[a]ll relief not expressly herein granted is 
hereby denied.”
Trial Court’s 
Authority To Dismiss For Want Of Prosecution
        A 
trial court's authority to dismiss for want of prosecution stems from two 
sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the 
court's inherent power.  See Villarreal v. San Antonio Truck 
& Equip., 994 S.W.2d 628, 630 (Tex. 1999); Veterans' Land Bd. v. 
Williams, 543 S.W.2d 89, 90 (Tex. 1976).  A trial court may dismiss 
under Rule 165a on “failure of any party seeking affirmative relief to appear 
for any hearing or trial of which the party had notice,” or when a case is 
“not disposed of within time standards promulgated by the Supreme 
Court.”  Tex. R. Civ. P. 
165a(1)-(2).  In addition, the common law vests the trial court with the 
inherent power to dismiss independently of the rules of procedure when a 
plaintiff fails to prosecute his or her case with due diligence.  Villarreal, 
994 S.W.2d at 630; State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984).
        A 
party must be provided with notice and an opportunity to be heard before a court 
may dismiss a case for want of prosecution under either Rule 165a or under the 
court’s inherent power.  See Tex. R. Civ. P. 165a(1) (“Notice of 
the court's intention to dismiss and the date and place of the dismissal hearing 
shall be sent by the clerk to each attorney of record, and to each party not 
represented by an attorney”); Villarreal, 994 S.W.2d at 630.  The 
requirements of notice and a hearing are necessary to ensure the dismissed 
claimant has received due process.  Tex. Sting, Ltd. v. R.B. Foods, Inc., 
82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); Franklin v. 
Sherman ISD, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. 
denied).  The failure to provide adequate notice of the trial court's 
intent to dismiss for want of prosecution requires reversal.  Villarreal, 
994 S.W.2d at 630-31.
Standard Of 
Review
        We 
review a dismissal for want of prosecution under a clear abuse of discretion 
standard.  MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); Rotello, 
671 S.W.2d at 509.  A trial court abuses its discretion when it acts 
arbitrarily or unreasonably, or without reference to guiding rules and 
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 
241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986); Johnson-Snodgrass 
v. KTAO, Inc., 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. 
dism’d).
Discussion
Notification of intent to dismiss for want 
of prosecution
        The 
court’s May 18, 2004 “Order To Show Cause” specifically ordered the 
parties to show cause why this case should not be dismissed in accordance with 
Rule 165a of the Texas Rules of Civil Procedure.  The show cause order 
references the court’s prior “Notice Of Disposition Deadline,” which sets 
a specific disposition deadline and notifies the parties that the case will be 
dismissed for want of prosecution on that date unless the case has been heard 
before the disposition deadline.  The Notice does not specifically mention 
whether the court is notifying the parties that the case will be dismissed under 
the court’s inherent power or pursuant to Rule 165a(2).[3]  
However, when the Notice is reviewed in conjunction with the court’s 
subsequent order to show cause, which expressly references Rule 165a, it is 
evident that the trial court is notifying the parties that it intends to 
consider dismissal under Rule 165a(2) which provides as follows:
   
2.  Non-Compliance With Time Standards. Any case not disposed of 
within time standards promulgated by the Supreme Court under its Administrative 
Rules may be placed on a dismissal docket.
 
Tex. R. Civ. P. 165a(2).  These 
standards provide that a district judge should, so far as reasonably possible, 
ensure that all non-family law civil cases be brought to trial or final 
disposition within twelve months from appearance date for non-jury cases, and 
within eighteen months from appearance date for jury cases.  See Tex. R. Jud. Admin. 6(b), reprinted 
in Tex. Gov’t Code Ann., 
tit. 2, subtit. F app. (Vernon 2005).[4]
Did the trial court abuse its discretion 
in dismissing for want of prosecution?
        We 
first address the question of whether Appellant challenges the denial of her 
motion to reinstate the case.  A trial court “shall reinstate the case 
upon finding after a hearing that the failure of the party or his attorney was 
not intentional or the result of conscious indifference but was due to an 
accident or mistake or that the failure has been otherwise reasonably 
explained.”  Tex. R. Civ. P. 
165a(3).[5]   Appellant filed the 
reporter’s record from the hearing on her motion to reinstate.  However, 
in her appellate brief Appellant does not in any way address or challenge the 
denial of her motion to reinstate.  Even liberally construing the wording 
of Appellant’s issues and the argument presented, see Tex. R. App. P. 38.9, there is no 
complaint in Appellant’s brief pertaining to the trial court’s denial of her 
motion to reinstate.[6]  Accordingly, the 
question of whether the trial court abused its discretion in denying 
Appellant’s motion to reinstate is not before this court.
        Having 
determined that Appellant does not challenge the denial of her motion to 
reinstate, we now address Appellant’s two issues complaining of the trial 
court’s dismissing the suit for want of prosecution.  The trial court’s 
dismissal order states that at the June 14, 2004 hearing all parties announced 
ready, and the court proceeded to hear and consider the evidence and argument of 
counsel.  The order concludes that “based upon the Court’s official 
record and the evidence and argument of counsel offered at the show cause 
hearing, that there is not good cause for this case to be maintained on the 
docket. It should be dismissed for want of prosecution.”
        The 
record on appeal does not reflect that Appellant requested the court reporter to 
prepare the record from the June 14, 2004 hearing that resulted in the trial 
court dismissing the case for prosecution, nor has a reporter’s record from 
that hearing been filed.  Generally, in the absence of a reporter’s 
record, it must be presumed that sufficient evidence was introduced to support 
the judgment of the court.  Murray v. Devco, Ltd., 731 S.W.2d 555, 
557 (Tex. 1987).  Also, the burden is on a party appealing from a trial 
court judgment to show that the judgment is erroneous in order to obtain a 
reversal.  Id. In the absence of a reporter’s record from the 
dismissal hearing, we must presume that sufficient evidence was introduced to 
support the judgment of the court.  See id.  For this reason, 
we hold the trial court did not abuse its discretion in dismissing Appellant’s 
case for want of prosecution.  We overrule Appellant’s second and third 
issues.
Inclusion of “Mother Hubbard clause” [7] in the dismissal order
        In 
her first issue, Appellant complains that the trial court’s dismissal order 
concludes with the phrase, “All relief not expressly herein granted is hereby 
denied.”
        A 
dismissal is not intended to be an adjudication of the merits of the case or the 
rights of the parties; it merely returns the parties to the position that they 
were in before suit was filed.  Crofts v. Court of Civil Appeals for 
Eighth Supreme Judicial Dist., 362 S.W.2d 101, 104 (Tex. 1962); Alvarado 
v. Magic Valley Elec. Co-op, Inc., 784 S.W.2d 729, 733 (Tex. App.—San 
Antonio 1990, writ denied).  In rendering judgment dismissing a lawsuit for 
want of prosecution, a trial court must refrain from rendering a judgment on the 
merits of the suit.  Alvarado, 784 S.W.2d at 733.  If the order 
dismissing for want of prosecution purports to make any disposition on the 
merits, it is error.  Garcia-Marroquin v. Nueces County Bail Bond Bd., 
1 S.W.3d 366, 379 n.8 (Tex. App.—Corpus Christi 1999, no pet.).  
Accordingly, we hold that the inclusion of the Mother Hubbard clause in the 
instant case was error.  See Alvarado, 784 S.W.2d at 
733.  We sustain Appellant’s first issue and modify the trial court’s 
judgment to delete the phrase, “All relief not expressly herein granted is 
hereby denied.”  See Tex. 
R. App. P. 43.2(b).
Conclusion
        We 
modify the trial court’s judgment to delete the phrase, “All relief not 
expressly herein granted is hereby denied.”  We affirm the judgment as 
modified.
  
   
                                                          BOB 
MCCOY
                                                          JUSTICE
 
  
PANEL 
B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: 
August 25, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The retail installment sale contract is not contained in the appellate record, 
and Appellant’s petition does not indicate how Bank of America was involved in 
the complained-of transaction.  In its brief on appeal, Bank of America 
states that its sole role in the transaction was that of a lender.
3.  
We encourage trial courts to insure that the court’s notice or order to the 
parties accurately and clearly informs them whether the court is considering 
dismissing for want of prosecution under the court’s inherent power or 
pursuant to the provisions of a specific subsection of Rule 165a.  See, 
e.g., Villarreal, 994 S.W.2d at 635 (Enoch, J., dissenting) 
(suggesting that Bexar County District Clerk’s office consider rewriting its 
standard notice of intent to dismiss to include the phrase, “The trial court 
is invoking its inherent power to dismiss this case for want of prosecution.”)
4.  
Located in volume 3 of the Texas Government Code, page 683.
5.  
The operative standard is essentially the same as that for setting aside a 
default judgment.  Smith v. Babcock & Wilcox Const. Co., Inc., 
913 S.W.2d 467, 468 (Tex. 1995).
6.  
We further observe that in her notice of appeal, Appellant states that she 
appeals from the “‘Dismissal for Want of Prosecution’ which was signed by 
the Court on August 10, 2004.”  We do not intend to imply that the notice 
of appeal was required to recite that Appellant also sought to appeal from the 
trial court’s November 1, 2004 order denying her motion to reinstate.  We 
merely point out the specific wording of the notice of appeal because it lends 
additional support to the proposition that Appellant does not challenge the 
denial of her motion to reinstate.
7.  
A “Mother Hubbard” clause generally recites that all relief not expressly 
granted is denied.  Mafrige v. Ross, 866 S.W.2d 590, 590 n.1 (Tex. 
1993), overruled on other grounds, Lehmann v. Har-Con Corp., 39 
S.W.3d 191, 203 (Tex. 2001).