**Oliver OKOLI, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 06–02–00158–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 29, 2003.

Decided Sept. 9, 2003.

Okon J. Usoro, Okon J. Usoro, PC, Houston, for appellant.

Lydia Kimble–Wright, Asst. Atty. Gen., Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Oliver Okoli appeals from a summary judgment rendered against him on his claim he was terminated from employment as a caseworker with the Texas Department of Human Services (TDHS) because he was a whistleblower. TDHS took the position he was actually terminated for falsifying documents, being abusive to a fellow employee, and failing to meet job performance standards.

130 (Tex.Crim.App.1997), still governs this    latter question.

Okoli has brought five points of error in which he contends the trial court erred by granting TDHS' motion for summary judgment

- on a motion filed outside the time provided by the court's docket control order;
- without considering his response, because he had a good excuse for the delay in filing his response: he was out of the country due to the death of his mother;
- without first ruling on TDHS' special exception to his petition; and
- the court erred by granting a no-evidence judgment based on TDHS' allegation that Okoli could not provide evidence of the "but for" causation requirement.

Okoli was a caseworker employed by TDHS for seven years. He was terminated May 6, 1998. There is summary judgment evidence that, before his termination, he had been the subject of an unfavorable job performance review and that he was placed on "corrective action." There is evidence that, when that occurred, he went to the office of his immediate supervisor, Brendell Carroll, and confronted her about perceived unfairness in the way she treated him, and argued about her descriptions of some of his cases as being improperly handled. He behaved in such a manner as to make her feel physically threatened. The next day, another meeting took place between Okoli and Carroll, along with her supervisor, John Robinson. Robinson then pulled twenty-five of Okoli's files at random, and the evidence shows that many of those cases had problems, in some instances of a type of document "falsifica-

tion" about which Okoli had been previously warned.[1]

Okoli originally filed a Title VII lawsuit against the agency in federal court, claiming sexual harassment and national origin discrimination. The federal court entered a summary judgment in favor of the agency, disposing of the claims over which it had jurisdiction. This suit was filed June 22, 2001, in state court under the Texas Whistleblower Act.[2] Mediation was attempted and failed.

On June 7, 2002, TDHS filed a motion for summary judgment, along with a document entitled "Notice of Submission." On June 21, Okoli filed a motion pursuant to TEX.R. CIV. P. 166a(g) to continue the ruling on the motion for summary judgment, alleging that all witnesses had not been deposed and that some would be called live at trial who possessed information that would rebut TDHS' basis for summary judgment. On June 27, TDHS filed a response to Okoli's motion for continuance. On July 12, the court denied Okoli's motion for continuance and granted TDHS' motion for summary judgment. Okoli filed a response to the motion for summary judgment three days later, on July 15.

In his first point of error, Okoli generally complains he did not have effective notice of the date on which TDHS' motion for summary judgment would be heard by the trial court. The "Notice of Submission" that TDHS filed with its motion for summary judgment June 7 reads as follows:

PLEASE BE ADVISED that on the 1st day of July, 2002, at 9:00 a.m. the following matter will be presented to the

---

1. The "falsification" involves the use by Okoli of a generic denial code in situations where specific coding was available under the facts of that request for benefits. The evidence shows that caseworkers are to use that code only in situations where no other information-

al denial code applies and that misuse of the generic code is considered a falsification of official documents.

2. TEX. GOV'T CODE ANN. § 554.001, et seq. (Vernon 1994 & Supp.2003).

Court for consideration without argument of counsel [sic]

Defendant's Motion for Summary Judgment which was filed on June 7, 2002[sic]

The Texas Supreme Court has held that a trial court must give notice of the submission date for a motion for summary judgment, because this date determines the date the nonmovant's response is due. *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998). Failure to give notice of the submission date for a motion for summary judgment constitutes error. *Id.* However, the trial court renders such error harmless when the court considers the nonmovant's response and reconfirms its ruling. *Id.*

Neither circumstance exists in this case. Okoli contends that, if any date was ever set by the trial court for hearing on the motion, he was never informed of that date. The record confirms his contention. It contains no date set for a hearing, as is expressly required by TEX.R. CIV. P. 166a(c), or for "submission." TDHS' notice of submission only says that its motion would be presented to the court for consideration. The document neither implies nor states the court has set the case for submission on that date. In the absence of that critical information, the document does not provide the notice necessary.

We do recognize there are cases holding a "notice of hearing" is sufficient even though a proposed order referencing a time and date for hearing does not include the judge's signature. *See West v. Maint. Tool & Supply Co.,* 89 S.W.3d 96, 102 (Tex.App.-Corpus Christi 2002, no pet.); *Goode v. Avis Rent–A–Car, Inc.,* 832 S.W.2d 202, 204 (Tex.App.-Houston [1st Dist.] 1992, writ denied). The Corpus Christi court in *West* also extended into a summary judgment context language in which the Texas Supreme Court held (in the context of a trial setting) that a letter requesting a specific date for a trial or hearing, when a copy of that letter is sent to the opposing parties, is itself sufficient notice of the setting on that date, because it is generally reasonable to assume that, if a particular setting is requested, the litigants are put on notice that trial or hearing may be had on that requested date. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 185 (Tex.1978).

The instant case does not fit within that mold. There is a notice filed by TDHS stating the motion would be presented to the trial court. There is nothing to suggest the court had agreed to set the motion for hearing, and we are reluctant to adopt a position that a motion may be set for hearing by the unilateral decision of a party to a lawsuit without an acknowledgment of the date of setting by the trial court before which the motion would be heard.

Further, although we recognize that the docketing sheet is not typically probative, we also note that it contains no reference to any setting of the motion for submission and hearing, but merely reflects that the motion was eventually granted.

Because we sustain Okoli's contention he did not receive effective notice of the date on which TDHS' motion for summary judgment would be heard, we find it unnecessary to address his other contentions.

We reverse the summary judgment and remand to the trial court for further proceedings.