In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-376 CV


____________________



AMANDA GOMEZ, Appellant



V.



CHULA VISTA OF ORANGE, INC., Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-030,050-C






MEMORANDUM OPINION


 Amanda Gomez appeals the dismissal of her personal injury suit for want of
prosecution. Gomez's suit, filed January 31, 2003, alleges that while she was performing her
duties bussing tables on appellee's business premises, she slipped on a greasy floor in the
dishroom, causing her to fall and sustain an injury to her lower back. Gomez alleges her fall
took place "on or about February 1, 2001." The order of dismissal for failure to prosecute
was signed on September 1, 2005. (1) In pertinent part, the dismissal order contains the
following language:

 On this 1st day of September, 2005, after 2:35 p.m. came on for hearing
Defendant's Motion to Dismiss for Failure to Prosecute.


 Defendant, CHULA VISTA OF ORANGE, INC., appeared by and
through its attorney of record, [L.C.H.], and announced ready.


 Plaintiff, AMANDA GOMEZ, although having been given proper
notice of the hearing on said motion failed to appear in person or by attorney
and wholly made default. 


 The Court having considered the pleadings on file, the evidence
presented, as well as taking judicial notice of counsel for Plaintiff failing to
appear for trial and hearings in this cause of action, as well as the argument of
counsel, finds that this Court still retains plenary jurisdiction and that this
cause of action should be dismissed for want of prosecution. 


 A trial court may dismiss a suit for want of prosecution in the following instances: (1)
on the failure of any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice, (2) when a case is not disposed of within the time standards
promulgated by the Supreme Court, and (3) on the exercise of the trial court's inherent power
to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case
with due diligence. Tex. R. Civ. P. 165a (1) (2); Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999). Before a trial court may dismiss a case under either Rule
165a or its inherent authority, it must provide the plaintiff with notice and an opportunity to
be heard. Tex. R. Civ. P. 165a (1); Villarreal, 994 S.W.2d at 630. 

 With regard to the due diligence cause for dismissal, the trial court may consider the
entire history of the case, including: (1) the length of time the case was on file; (2) the
activity in the case; (3) whether a trial setting was requested; and (4) the existence of
reasonable excuse for delay. See Christian v. Christian, 985 S.W.2d 513, 514-15 (Tex. App.-
-San Antonio 1998, no pet.). Due diligence is generally a question of fact. Id. at 515.

 As noted above, suit was filed January 31, 2003. The record reflects only two
discovery events took place during the pendency of the lawsuit: (1) upon request of Chula
Vista, a deposition was taken on March 27, 2003, of Pablo Moctezuma, former manager of
Chula Vista during the time Gomez was employed there; and (2) on April 2, 2003, Gomez
provided written responses to Chula Vista's request for disclosure. Thereafter, the record
indicates Gomez's trial counsel thwarted further discovery requests by Chula Vista to depose
Gomez and another fact witness, and failed to appear for previously noticed hearings and
docket calls. The record further indicates that Gomez's trial counsel filed written objections
to various noticed trial and hearing dates, some accompanied by motions for continuance.
Trial counsel never received a ruling on any of said objections by the trial court. A party
lodging an objection or moving for continuance must obtain a ruling on its objection or
motion to preserve a complaint for appellate review. See Tex. R. App. P. 33.1; Bushell v.
Dean, 803 S.W.2d 711, 712 (Tex. 1991); Rangel v. State Bar of Texas, 898 S.W.2d 1, 3 (Tex.
App.--San Antonio 1995, no writ). 

 Gomez raises four appellate issues. Issue one is overruled as it pertains to the trial
court's summary judgment order that was ultimately vacated by the order dismissing her
appeal for failure to prosecute. See Mackie, 890 S.W.2d at 808. Issue two is also overruled
as the September 1, 2005, judgment was clearly intended by the trial court to replace the June
2, 2005, summary judgment. See City of West Lake Hills, 466 S.W.2d at 726-27. Gomez
correctly points out that there can be only one final appealable order under Tex. R. Civ. P.
301. However, she is incorrect in arguing the June 2, 2005, order is one that survives for
appellate purposes. 

 Her third issue contends the trial court's dismissal order for want of prosecution "is
too broad; therefore, it should be reversed." The lone authority to which we are directed is
Alvarado v. Magic Valley Elec. Co-op, Inc., 784 S.W.2d 729 (Tex. App.--San Antonio 1990,
writ denied). In Alvarado, the San Antonio Court of Appeals reversed a judgment dismissing
an action for want of prosecution because the plaintiff did not receive proper notice of the
setting on the dismissal docket prior to the dismissal of his lawsuit. Id. at 733. Along with
dismissing the action for want of prosecution, the trial court further decreed that "all other
relief is expressly denied." Id. at 730. The Court found such wording to be an improper
decision on the merits because a trial court, when ordering a dismissal for want of
prosecution, must refrain from rendering judgment on the merits of the suit. Id. at 733. The
Court of Appeals found the trial court had rendered a judgment other than that authorized by
Tex. R. Civ. P. 165a, and therefore had exceeded its jurisdiction. Id. 

 In the instant case, the trial court's dismissal order contains language pertaining only
to the merits of Chula Vista's motion to dismiss for failure to prosecute. The order makes
absolutely no mention of the merits of Gomez's underlying suit for personal injury. Neither
does it contain anything resembling a "Mother Hubbard" (2) clause, as was the circumstance
in Alvarado. Additionally, to complain about an error in the judgment rendered, Gomez was
required to present the error to the trial court in a timely post-judgment motion such as a
motion to correct the judgment or motion for new trial. See Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc., 997 S.W.2d 803, 816 (Tex. App.--Dallas 1999, no pet.). In her motion
to reinstate, Gomez does not complain of the overbreadth of the trial court's dismissal order. 
Therefore, she has procedurally defaulted in preserving appellate review of the issue. Issue
three is overruled.

 Gomez's last issue argues that since the notice of the September 1, 2005, hearing on
Chula Vista's motion to dismiss was not signed by the trial court the date it was served on
Gomez's trial counsel (August 25, 2005), but was signed later (August 28, 2005), the notice
of the hearing was inadequate. The only authority cited for this proposition is Okoli v. Texas
Department of Human Services, 117 S.W.3d 477 (Tex. App.--Texarkana 2003, no pet.). The
record reflects that Chula Vista's motion to dismiss was filed on August 25, 2005. Attached
to the motion is a "NOTICE OF HEARING," page which indicates that Chula Vista's trial
counsel certified the motion (and attached notice) was "personally delivered to opposing
counsel this 25th day of August, 2005." However, the notice in the record indicates the trial
judge signed it three days later, on August 28, 2005. Nevertheless, the notice does explicitly
provide that a hearing on Chula Vista's motion to dismiss was scheduled for September 1,
2005, at 2:00 p.m. The Okoli case is distinguishable in that, while the notice of submission
of a motion for summary judgment did, indeed, lack the judge's signature, the court of
appeals found the notice deficient for other reasons, in that it lacked the requisite specificity
of a date and time that such motion would be heard or otherwise considered by the court. See
Okoli, 117 S.W.3d at 478-49. The court of appeals expressly acknowledges precedent
holding a notice of hearing sufficient even though a proposed order referencing a date and
time for hearing does not includes the judge's signature. See id. at 479. Likewise, under
Rule 165a(a), all that is required is notice of intent to dismiss and of a date, time and place
for the hearing. Alexander v. Lynda's Boutique, 134 S.W.3d 845, 852 (Tex. 2004). We find
no requirement that such notice be accompanied by the trial judge's signature. Issue four is
overruled.

 The record is unclear as to why or how the judge came to sign the Notice of Hearing
on August 28, 2005 or why it is separately file-marked August 29, 2005. While Rule 165a
requires the clerk of the court to provide notice of hearing of such motion, Appellant makes
no complaint of lack of proper notice from the clerk and we do not reach such issue.

 For the foregoing reasons, we find the trial court did not err in dismissing the instant
suit for want of prosecution. We therefore affirm the trial court's September 1, 2005,
dismissal order.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on May 11, 2006

Opinion Delivered October 26, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. On June 2, 2005, the trial court granted a no evidence motion for summary judgment
previously filed by Chula Vista. The general rule is that a second judgment, if signed within the
period of the court's plenary power, vacates a prior judgment, unless the sole purpose for
entering the new judgment was to extend appellate timetables. See Mackie v. McKenzie, 890
S.W.2d 807, 808 (Tex. 1994). Furthermore, and although preferable, it is not necessary that the
second judgment expressly state that the first judgment is vacated. See City of West Lake Hills v.
State ex rel. City of Austin, 466 S.W.2d 722, 726-27 (Tex. 1971). There can be only one final
appealable order. Tex. R. Civ. P. 301. As such, we address Gomez's appellate complaints
pertinent to the order dismissing her lawsuit for want of prosecution. We decline to address her
appellate issues related to the June 2, 2005, order granting summary judgment. 
2. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 198 (Tex. 2001) (discussing the origins
of the term).