**Opinion filed September 14, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00147-CV

_____

**ESTELLA G. BARRIENTOS, INDIVIDUALLY AND INDEPENDENT ADMINISTRATIX OF THE ESTATE OF DONATO LUJAN BARRIENTOS; VIVIAN BARRIENTOS; EVA BARRIENTOS; AND EUSEBIO BARRIENTOS, Appellants**

**V.**

**MODESTO L. BARRIENTOS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. 19,744-09**

## O P I N I O N

This appeal presents a unique issue—whether an *unsigned* order setting a hearing for a motion for summary judgment that, when filed and served, recites and specifies a definitive date and time (1) that meets the twenty-one-day notice

requirement and (2) that a trial court will proceed to hear and consider the motion, provides sufficient notice of the hearing date to the nonmovant.

Appellee, Modesto L. Barrientos, originally filed suit against Estella G. Barrientos, individually and as independent administratrix of the Estate of Donato Lujan Barrientos, Vivian Barrientos, Eva Barrientos, and Antonio Barrientos, to quiet title to certain property located in Ector County (the property); Modesto also sought a declaration of the parties' ownership interest in the property. Modesto subsequently joined Appellant, Eusebio Barrientos, as a defendant to the suit. The property was encumbered by a lis pendens that had been initiated during the administration of Donato's estate. Modesto filed a traditional and no-evidence motion for summary judgment on his claims, which the trial court granted. Estella, Vivian, Eva, and Eusebio (Appellants) challenge the trial court's grant of summary judgment in favor of Modesto. We affirm.

## I. *Factual and Procedural Background*

Donato and Modesto are brothers; they purchased the property on May 13, 1998, from Grey Wolf Drilling Company and a warranty deed was executed. Shortly thereafter, Donato and Modesto began operating a scrap metal recycling business (the business) on the property. Donato and Modesto have another brother, Eusebio. Donato died in Ector County on March 31, 2009, and Estella was soon thereafter appointed as the independent administratrix of Donato's estate. As the independent administratrix, Estella was granted the power to enter into contracts on behalf of the estate, defend claims against the estate, pay debts owed by the estate, and sell or dispose of any and all estate assets, which included both personal and real property.

Estella filed a lis pendens on the property on May 13, 2009. During the administration of Donato's estate, issues arose regarding the appraisal and operation of the business. On June 22, 2009, the trial court, sitting as a court in probate, signed an order that (1) granted complete access and control of the business to Estella,

2

(2) ordered Modesto to surrender the premises where the business was located and to produce all records that pertained to the business, and (3) enjoined Modesto from entering the premises where the business was located or in any way hindering the operation of the business. The appraisal of the business was completed in November 2009.

In 2012, Modesto reached out to Estella to address his ownership interest in the business. Estella subsequently transferred the property to Modesto to settle his interest in the business. The property transfer was executed by a general warranty deed on April 30, 2012; however, the lis pendens from the estate remained on the property after the transfer. In May 2019, Modesto sought to clear the cloud on the title to the property and in turn submitted a written demand to Estella to release the lien. Despite Modesto's request, Estella did not remove the lien from the property.

On July 10, 2019, Modesto filed suit to quiet title in the property and for a declaratory judgment to declare that (1) he owned one hundred percent (100%) of the fee simple interest in the property and (2) Estella and her and Donato's children—Vivian, Eva, and Antonio Barrientos—do not have a fee simple ownership interest in the property. Estella answered and asserted that the business was a joint venture that had been created by Donato, Modesto, and Eusebio, and that Eusebio had purchased the property for use by the joint venture. As a result of Estella's assertions, Modesto filed an amended petition on April 17, 2020, and joined Eusebio as a defendant.

Two years later, on April 5, 2022, Modesto filed a traditional and no-evidence motion for summary judgment. For his traditional grounds, Modesto contended that he had conclusively established all the essential elements to prevail on his claim to quiet title, namely that: (1) he possessed the entire ownership interest in the property; (2) the lien created by lis pendens had not been removed; and (3) the lien continued to cloud the title on the property. For his no-evidence grounds, Modesto contended

that there was no evidence to establish any of Appellants' affirmative defenses. Additionally, Modesto requested that the trial court determine and declare that (1) the notice of lis pendens was null and void, (2) Eusebio did not have an ownership interest in the property, (3) the general warranty deed executed by Estella on April 30, 2012, vested the remaining ownership interest (50%) in the property to Modesto, and (4) he was entitled to recover reasonable attorney fees.

Modesto's motion for summary judgment was e-filed and contemporaneously served on all parties to this dispute on April 5, 2022. Further, an unsigned order setting and specifying a hearing date on Modesto's motion accompanied the motion when it was e-filed and served. The unsigned order recited and specified that the hearing date for Modesto's motion was set for April 28, 2022, twenty-three days after the unsigned order and Modesto's motion were e-filed and served. On April 8, 2022, the trial judge signed the Order Setting Hearing.

Appellants filed their response to Modesto's motion on April 27, 2022, one day before the scheduled hearing. In their response, Appellants asserted that there was sufficient evidence to raise genuine issues of material fact regarding the enforceability of the 2012 deed executed between Estella and Modesto, Eusebio's interest in the property, and the children's interest in the property. Appellants also filed a motion to participate in the hearing by video and/or telephonic means, because "problems with [trial counsel's] calendaring system" indicated that the summary judgment hearing was to be a video hearing and Appellants' trial counsel had not arranged and could not travel to Ector County to attend the hearing in-person because of "work commitments."

Modesto filed an objection to Appellants' response because the response was untimely—it was filed one day before the date of the summary judgment hearing. One hour before the scheduled hearing was to commence, Appellants then filed a "MOTION FOR FILING RESPONSE UNDER LEAVE OF THE COURT NUNC

4

PRO TUNC" and requested that the trial court consider their response as part of the summary judgment record. In this motion, Appellants claimed that their trial counsel's "calendar system did not work correctly and an error on the filing deadlines was not detected until a later time."

At the summary judgment hearing, the trial court first considered Appellants' motion for leave to file their late response.[1] Appellants' trial counsel again stated that there was a calendaring issue that caused her to discover "very late" Modesto's motion and the hearing date that were "so close to whenever [they] got the first motion to be here." However, Appellants did not present any evidence at the hearing of the alleged calendaring issue, nor did they attach any evidence to support their motion for leave to file the late response. Modesto's trial counsel argued that Appellants' response was untimely and their motion for leave to file the late response failed to establish good cause for the late filing or to include any evidence to support their request.

After considering the parties' arguments, the trial court denied Appellants' motion for leave to file the late response and stated, among other things, that Appellants' request did not provide adequate time for Modesto and his trial counsel to review Appellants' response before the April 28 hearing. The trial court also noted that Appellants could have filed a motion for continuance and requested a postponement of the hearing, but that they did not.

The trial court then considered the merits of Modesto's motion for summary judgment. The trial court granted Modesto's no-evidence motion because Appellants had produced no controverting evidence in a timely response. The trial court, after considering the summary judgment evidence before it, also granted Modesto's traditional motion.

---

[1]We have the benefit of a reporter's record from the summary judgment hearing.

In its judgment granting Modesto's motion for traditional and no-evidence summary judgment, the trial court stated that it did not consider Appellants' untimely response or the evidence attached to it. The trial court further found, declared, and ordered that (1) the notice of lis pendens dated April 13, 2009, was invalid and of no force and effect, (2) the title to the property was quieted in favor of Modesto, and (3) the deeds dated May 13, 1998, and April 30, 2012, constituted a valid transfer of 100% of the ownership interest in the property to Modesto.

Estella filed a motion for new trial contending that she was acting pro se at the time that Modesto's motion was filed and on the date of the scheduled hearing, which, due to her unfamiliarity with the court system and the applicable rules, prevented her from asserting a meritorious defense to Modesto's claims.[2] The trial court denied Estella's motion. This appeal followed.

## II. *Analysis*

Appellants have filed two briefs in this appeal. Estella's brief raises a single issue—that notice of the summary judgment hearing was insufficient. Vivian, Eva, and Eusebio jointly filed a brief that raises three issues, that (1) notice of the summary judgment hearing was insufficient, (2) the trial court erred when it granted Modesto's traditional and no-evidence motion for summary judgment, and (3) the trial court erred when it declared and granted 100% of the ownership interest in the property to Modesto.

### A. *Notice of the Summary Judgment Hearing*

The sole issue raised by Estella and the first issue raised by Vivian, Eva, and Eusebio are the same; therefore, we will address them together.

---

[2]Although Estella is not pro se on appeal, we hold pro se litigants to the same standards as licensed attorneys and require them to be familiar with and comply with all applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

Appellants collectively contend that notice of the summary judgment hearing was insufficient because the trial court did not *sign* the order setting hearing until April 8, 2022, twenty days before the summary judgment hearing was scheduled and ultimately held. Modesto asserts that Appellants received actual notice on April 5, 2022, or at a minimum had constructive notice as of that date, that the hearing on Modesto's motion would proceed on April 28, 2022—the date recited and specified in the e-filed and served unsigned order setting hearing.

1. *Applicable Law*

Notice is "[a]n elementary and fundamental requirement of due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The United States Constitution's Due Process Clause and the Texas constitution's Due Course of Law Clause require that adequate procedural due process be afforded to all parties to a judgment, which includes notice of trial court proceedings. *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 188–89 (Tex. 2022). Such notice must be "reasonably calculated, under all the circumstances, to apprise [all] interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. That opportunity "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). When parties are not afforded a meaningful opportunity to be heard, "the remedy for a denial of due process is due process." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995).

The Texas Rules of Civil Procedure prescribe guidelines to ensure that all parties to the proceeding receive adequate notice and a meaningful opportunity to be heard. A motion for summary judgment must be served on the opposing party at least twenty-one days before the date and time that is *specified* for a hearing on the motion. TEX. R. CIV. P. 166a(c). The purpose of Rule 166a's notice provision is to provide the nonmovant with an opportunity to respond to the motion within the

7

deadline that the rule prescribes for a response. *Id.* (stating that the nonmovant must file a response to a motion for summary judgment within seven days prior to scheduled hearing); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) ("The [specified] hearing date determines the time for [filing a] response to the motion [for summary judgment]; without notice of hearing, the [nonmovant] cannot know when the response is due."); *Winn v. Martin Homebuilders, Inc.*, 153 S.W.3d 553, 556 (Tex. App.—Amarillo 2004, pet. denied) ("The notice provisions of Rule 166a are intended to prevent [the] rendition of summary judgment without the non-movant having full opportunity to respond on the merits of the motion."). Therefore, notice of a summary-judgment hearing must inform the nonmovant of the exact date and time of the motion's hearing or other submission date. *Martin*, 989 S.W.2d at 359. A trial court errs when it grants summary judgment if the nonmovant has not received proper notice of the hearing to be held on the motion. *Id.*

### 2. *Discussion*

Before we discuss the merits of Appellants' insufficient notice complaint, we must first address whether Appellants have preserved this complaint for our review. Modesto argues that Appellants did not raise this complaint in the trial court and thus have failed to preserve it for appellate review. Conversely, Appellants contend that their complaint is preserved for our review because Appellants' trial counsel advised the trial court at the summary judgment hearing that she had discovered the timing of the hearing "very late" and "so close to whenever [they] got the first motion to be here."

A nonmovant who complains of receiving less than twenty-one days' notice of a summary judgment hearing but also admits to knowing and being aware of the scheduled hearing date before it actually occurs waives the defense of insufficient notice if he fails to bring the complaint to the trial court's attention at or before the

scheduled hearing or submission date.  *Clarent Energy Servs. Inc. v. Icon Bank of Tex., N.A.*, No. 01-18-00854-CV, 2019 WL 5792190, at *2 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.); *see Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied); *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.). Thus, to preserve error for a complaint regarding late or insufficient notice of a summary judgment hearing, a nonmovant who receives notice that is claimed to be untimely but is nonetheless sufficient to enable the nonmovant to attend the hearing must move for a continuance or raise a late-notice complaint in writing.  *Clarent*, 2019 WL 5792190, at *2.  To hold otherwise would allow a party who participated in the hearing to "lie behind the log" until after summary judgment is granted and then raise the complaint of late notice for the first time in a post-judgment motion. *May*, 61 S.W.3d at 626.

Appellants filed the following with the trial court prior to their appearance at the summary judgment hearing: (1) their untimely response to Modesto's motion for summary judgment; (2) a motion to appear and participate in the hearing by video/telephonic means; and (3) a motion for leave to file their late response "nunc pro tunc."  Despite these filings, Appellants did not request a postponement or file a verified motion for continuance of the scheduled summary judgment hearing.  Nor did Appellants raise a late-notice complaint in any of these filings.  Instead, the motion to appear and participate by video/telephonic means *and* the motion for leave to file nunc pro tunc only state that there were "problems" with Appellants' trial counsel's calendaring system that resulted in Appellants "late" discovery of the hearing date.

Significantly, the explanation presented to the trial court is substantially different than the argument that Appellants' now advance on appeal—that notice of the summary judgment hearing was received by them only twenty days before the

9

hearing date that was specified and recited in the order setting hearing. Further, Appellants' untimely response does not address the issue of "late-notice," nor does it acknowledge in any way that the response itself was untimely. At the summary judgment hearing, the trial court entertained argument from trial counsel concerning Appellants' motions. Appellants' trial counsel again reiterated the "glitches" with her calendaring system and stated that when the issue was discovered it was "very late" and "so close to whenever [they] got the first motion to be here."

For a complaint to be properly preserved for appellate review, the complaining party must present a specific, timely objection or motion to the trial court which states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1)(A). Here, the complaint raised by Appellants in the trial court below concerned only a calendaring discrepancy, not one of having received untimely or insufficient notice of the hearing date that was specified and recited in the unsigned setting order. Although we could properly conclude, based on the record before us, that Appellants did not preserve their complaint of insufficient notice for our review, we nonetheless believe that the issue raised by Appellants—whether the notice Appellants received here was sufficient to apprise them of the specified and scheduled hearing date— should be addressed.

Rule 166a(c) requires that the motion and any supporting affidavits be filed and served on the opposing party at least twenty-one days before the date and time *specified* for the hearing on the motion. TEX. R. CIV. P. 166a(c). Although Rule 166a(c) prescribes no explicit requirement for when a summary judgment movant must provide notice to the nonmovant of either the motion's hearing or submission date, Texas courts, including our court, have consistently held that the twenty-one-day requirement also applies to the notice of hearing on the motion. *Gonzales v. Williams*, No. 11-17-00130-CV, 2019 WL 2710046, at *3 (Tex. App.— Eastland June 28, 2019, no pet.) (mem. op.) (citing *Winn v. Martin Homebuilders,*

10

*Inc.*, 153 S.W.3d 553, 555 (Tex. App.—Amarillo 2004, pet. denied)); *Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no pet.)); *see also Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (a party's right under Rule 166a(c) is to have the minimum notice of the hearing); *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 250 (Tex. App.—Texarkana 1992, no writ) (referring to a twenty-one-day requirement to be from the date of notice to the hearing date); *Brown v. Cap. Bank, N.A.*, 703 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (the notice of hearing must be given at least twenty-one days before the date the hearing is to be held).

The situation that we confront here is whether an *unsigned* setting order that recited and specified April 28, 2022 as the hearing date for Modesto's motion—a date that was twenty-three days *after* the motion and the unsigned order that accompanied it were e-filed with the court and served on and received by Appellants—is sufficient to meet the twenty-one-day notice of hearing requirement, even though the order setting hearing on the motion was not *signed* by the trial court until twenty days before the scheduled and specified hearing date. As such, may only an order setting hearing that is *signed* by the trial court determine when the twenty-one-day notice period commences? Stated differently, may the calculation of the twenty-one-day notice period only be ascertained from the date that the trial court *signs* the setting order?

Appellants argue that because the order setting hearing was not *signed* by the trial court until April 8, 2022, the signed order was effectively served on them that day. Appellants further argue that, for purposes of notice of the hearing date, the signed order controls. Appellants point to the county clerk's file-stamp for the assertion that the order setting hearing was not served on them until the date it was signed—April 8, 2022. However, the certificate of service that accompanied the *unsigned* order setting hearing confirms that the specified hearing date—April 28,

11

2022—was recited in this order, which, along with Modesto's motion, was e-filed and served on Appellants on April 5, 2022.

It is undisputed that the order setting hearing was not *signed* by the trial court until April 8, 2022. Therefore, we must determine whether the *unsigned* order setting hearing, which Appellants received on April 5, 2022, was sufficient to convey notice to them that the hearing on Modesto's motion would occur on April 28, 2022. In *West*, the Thirteenth Court of Appeals considered a similar issue—whether an *unsigned* notice of hearing which referred only to a "proposed" date and time for the summary judgment hearing provided the appellant with adequate notice of the hearing date. *West v. Maint. Tool & Supply Co., Inc.*, 89 S.W.3d 96, 102 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). In holding that the unsigned order provided sufficient notice of the hearing date, the court noted:

> [A] letter requesting a specific date for a trial or hearing, at least when a copy of that letter is sent to the opposing parties, is itself sufficient notice of the setting on that date; it is generally reasonable to assume that if a particular setting is requested [and denoted in the setting notice], the litigants are put on notice that trial or hearing may be had on that requested date.

*Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978)). Similarly, the First Court of Appeals has held that an *unsigned* order setting hearing was sufficient to provide notice of the hearing date when the order was attached to the filed motion for summary judgment and had been signed as approved by the movant's attorney. *See Goode v. Avis Rent-A-Car, Inc.*, 832 S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied). We agree with the rationale expressed by our sister courts in *West* and *Goode*.

Here, the unsigned order setting hearing recites and specifies that "Plaintiff's [Modesto's] Traditional & No-Evidence Motion for Summary Judgment is hereby set for hearing on April 28, 2022 at 1:30 p.m., in the County Court at Law No. 2 of

Ector County, Texas." As with the unsigned orders in *West* and *Goode*, in this case, the specific date and time for the hearing on Modesto's motion was recited in the unsigned order. *See West*, 89 S.W.3d at 102; *Goode*, 832 S.W.2d at 204. Moreover, the unsigned order in the case before us effectively "set" the hearing and communicated a more definitive date and time for the hearing on Modesto's motion when compared to the setting notice in *West* which only "proposed" the date and time for the hearing. *See West*, 89 S.W.3d at 102.

Importantly, we have previously observed that under Rule 166a(c), "a motion for summary judgment must be filed at least twenty-one days 'before *the time specified for the hearing*[,]' [which suggests] that the deadline for filing the motion is tied to the date of the hearing that is *anticipated* at the time the motion is filed." *PDG, Inc. v. Abilene Vill., LLC*, 668 S.W.3d 947, 952 (Tex. App.—Eastland 2023, pet. filed) (second emphasis added) (quoting TEX. R. CIV. P. 166a(c)). Because we believe that the reasoning that we espoused above in *PDG* is equally applicable here, it necessarily follows that the twenty-one-day notice of hearing requirement is also tied to, and commences on, the date it is *anticipated* that the motion will be heard and considered by the trial court—namely, the date and time for the hearing that is recited and *specified* in the order setting hearing at the time that the setting order is filed and served on the nonmovant.[3] *See id.*

---

[3]We note that it is common motion practice for an attorney, when filing a motion that requires a hearing before the trial court, to request, coordinate, and confirm an available hearing date with the trial court prior to serving notice of the specific date and time for the hearing upon all parties. While it is unclear whether this occurred in this instance, it is reasonable to assume, and the parties and their trial counsel should expect, that the specified date and time recited in an order setting hearing, irrespective of whether the order is signed or unsigned, will in fact be the date and time upon which the filed motion will be heard and considered by the trial court. As such, when a party contemporaneously submits with their filed motion for summary judgment an unsigned order that recites a specific date and time for the hearing on said motion, it would be prudent for the party who has received this "setting" order to act under the presumption that the requested hearing will proceed before the trial court on the date and time that is recited and specified in the setting order.

Despite this, Appellants argue that we should follow the Sixth Court of Appeals holding in *Okoli v. Tex. Dep't of Hum. Servs.*, 117 S.W.3d 477, 479 (Tex. App.—Texarkana 2003, no pet.). In *Okoli*, the court held that a setting notice stating that the motion would be "presented" to the trial court on a specific date was insufficient notice of the hearing date because there was nothing to suggest that the trial court had agreed to set the motion for a hearing. *Id.* The instant case is distinguishable from *Okoli* because the unsigned order clearly specified the date and time that the hearing on Modesto's motion would be held, not just the date that the motion would be "presented" to the trial court. The rules that govern summary judgment practice require that notice must be provided to the opposing party of either the date the hearing on the motion will be held before the trial court or the date that the trial court will consider the motion only by submission. *Martin*, 989 S.W.2d at 359. Thus, a situation where a party serves notice of a motion's presentment, as in *Okoli*, is certainly distinguishable from a situation where the nonmovant is served with notice of a definitive hearing date and time via an unsigned court order, as was done here. *See Okoli*, 117 S.W.3d at 479.

Finally, we cannot say that Appellants were harmed or prejudiced by what they contend constitutes insufficient notice of the summary judgment hearing. Under any scenario, and irrespective of which date that Appellants claim constitutes notice to them of the hearing date—April 5 or April 8—their response to Modesto's motion was untimely. We cannot assume, and based on the record before us it is unlikely, that Appellants would have filed a response sooner than the day before the scheduled and specified hearing date, as they did here, if the order setting hearing had been signed by the trial court on April 5. Despite Appellants' notice argument, they had sufficient time to file a timely response. Unfortunately, they did not. Moreover, Appellants did not avail themselves of the necessary remedy—filing a verified motion for continuance—and have provided no justifiable reason for failing

14

to do so.  *See* TEX. R. CIV. P. 166a(g), 251–53; *see also Tenneco, Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (a party who requires additional time to respond to a motion for summary judgment must request it).

For the reasons stated above, we conclude that the *unsigned* order setting hearing which recited a definitive and specified date and time for the hearing on Modesto's motion for summary judgment, both of which were filed and served upon Appellants twenty-three days before the date that Modesto's motion was heard and considered by the trial court, provided sufficient notice to Appellants of the specified hearing date, if not the *anticipated* hearing date.[4]  Here, Appellants were apprised of both.  Further, and at a minimum, Appellants had constructive notice of the hearing date and should have reasonably anticipated, as they did here given their attempt to participate in the hearing via Zoom, that the hearing on Modesto's motion would proceed on the date and time as recited and specified in the *unsigned* setting order—April 28, 2022—that Appellants received on April 5, 2022.  Accordingly, we overrule Appellants' first issue on appeal.

B.  *Modesto's Motion for Summary Judgment*

Because we have concluded that Appellants received sufficient notice of the hearing date for Modesto's motion, we now turn to the merits of Modesto's motion.

Vivian, Eva, and Eusebio, contend in their second issue that the trial court erred when it granted summary judgment in favor of Modesto because (1) there is more than a scintilla of evidence to raise a genuine issue of material fact regarding the grounds raised in the no-evidence motion and (2) genuine issues of material fact

---

[4]Rule 166a(c) does not explicitly require that, for notice of the specified hearing date to be sufficient, the trial court must have *signed* an order setting hearing on the movant's motion.  Because the movant has no control as to when, or even if, the trial court will sign any order that the movant submits, it would be impractical, if not unnecessary, to impose a requirement that, for notice of the summary judgment hearing to be effective, an order setting hearing must be *signed* by the trial court and, if signed, it must be served on the nonmovant at least twenty-one days in advance of the hearing date that is specified in the submitted setting order.  Therefore, we decline to impose such a requirement.

15

exist regarding the grounds raised in the traditional motion. In their third issue, these Appellants contend that the trial court erred when it declared that Modesto owns 100% of the property.

1. *Standard of Review and Applicable Law*

We review a trial court's grant of summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When the trial court does not specify the grounds for its ruling, as is the circumstance here, a summary judgment must be affirmed if any of the grounds on which summary judgment was sought are meritorious. *Id.*

To defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see* TEX. R. CIV. P. 166a(i). A no-evidence challenge will be sustained when:

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merriman*, 407 S.W.3d at 248 (quoting *King Ranch*, 118 S.W.3d at 751).

A party moving for a traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). For a trial court to grant a traditional motion, a plaintiff must conclusively prove all essential elements of its asserted claim. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). "Evidence is conclusive only if reasonable people could not differ in their conclusions. . . ." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant initially establishes a right

to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude the grant of summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

In reviewing either a traditional or a no-evidence summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *KMS Retail*, 593 S.W.3d at 181; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

Ordinarily, when a party moves for summary judgment on both no-evidence and traditional grounds, we address the no-evidence grounds first. *See Merriman*, 407 S.W.3d at 248 ("if the non-movant fails to produce legally sufficient evidence to meet [its] burden as to the no-evidence motion, there is no need to analyze whether the movant[s] satisfied [their] burden under the traditional motion"); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The reason for this is to avoid redundancy.

### 2. *Analysis*

Modesto moved for traditional summary judgment on his claim to quiet title and on his counter defenses—statute of frauds and statute of limitations—to Appellants' affirmative defense of fraud on the transfer of assets; he also moved for no-evidence summary judgment on this affirmative defense and Appellants' other affirmative defenses—accord and satisfaction, estoppel, laches, and waiver—to his quiet title claim. On appeal, Appellants argue that: (1) Modesto's no-evidence motion was improperly granted, and fact issues exist, because there was more than

a scintilla of probative summary judgment evidence in the record—namely, affidavits and testimony of several individuals—to controvert Modesto's version of events; (2) Modesto's traditional motion was improperly granted because there exists genuine issues of material fact regarding whether (a) there was consideration to support the transfer of the property from Estella to Modesto in 2012, (b) Eusebio owns an interest in the property, and (c) the parties' dispute falls within an exception to the statute of frauds; and (3) under the *Duhig* principles,[5] Estella could not convey a greater interest in the property than she owned.

### a. *No-Evidence Summary Judgment*

We first address Appellants' arguments regarding Modesto's no-evidence motion. Appellants argue that adequate time for discovery had not passed because Modesto was deposed only six weeks before the no-evidence motion was filed and the transcripts from the parties' depositions were "barely available." *See* TEX. R. CIV. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial."). When a party contends that, under Rule 166a(i), it has not been afforded an adequate opportunity to pursue discovery before a summary-judgment hearing is held or that there has not been adequate time to complete the necessary discovery, the complaining party must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* TEX. R. CIV. P. 166a(g); *see also Tenneco*, 925 S.W.2d at 647; *Sibley v. Bechtel*, No. 11-21-00133-CV, 2023 WL 4628528, at *3, *6 (Tex. App.— Eastland July 20, 2023, no pet. h.) (mem. op.); *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no

---

[5]*Duhig v. Peavy-Moore Lumber Co.*, 144 S.W.2d 878 (Tex. 1940).

18

pet.). Appellants did neither. Therefore, because Appellants did not complain of or properly raise the issue of "inadequate time for discovery" in the trial court, they failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1.

Appellants next argue that there was more than a scintilla of evidence to raise an issue of material fact as to the relief requested in Modesto's no-evidence motion. To defeat Modesto's no-evidence motion, Appellants had the burden to produce at least a scintilla of evidence to raise a genuine issue of material fact as to the elements of Appellants' affirmative defenses that Modesto challenged in his no-evidence motion. *See KMS Retail Rowlett, LP*, 593 S.W.3d at 181 ("To defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements."). Appellants, in an attempt to create fact issues, filed an untimely "shotgun" response, with a myriad of documents attached, one day before the scheduled summary judgment hearing. Due to Appellants' late filing, the trial court did not consider Appellants' response and the attached evidence when it made its summary judgment rulings. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) ("Summary judgment evidence may be filed late, but only with leave of court."); *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985) (where nothing appears in the record to indicate that a late-filed summary judgment response was considered with leave of court, it is presumed that the trial court did not consider the response). Although such a "shotgun" effort is not uncommon, we note that the quality of the evidence, not the quantity of evidence, that is submitted with a motion for summary judgment, a response, or both, is determinative of whether the motion should be granted.

Accordingly, because the trial court did not consider Appellants' untimely response, or the evidence submitted with it, there was no evidence produced by Appellants to controvert the challenges in Modesto's no-evidence motion to their affirmative defenses. Because Appellants had the burden to produce some evidence

to defeat Modesto's no-evidence motion and because they produced no evidence for the trial court to consider, we conclude that the trial court did not err when it granted Modesto's no-evidence summary judgment.

Nonetheless, Appellants argue that "the affidavits and testimony of several individuals contradicting [Modesto's] version of the occurrence are enough to raise an issue of fact." This global, generalized statement constitutes the totality of Appellants' analysis of the evidence as it relates to Modesto's no-evidence motion. Even though Appellants submitted Estella's and Eusebio's conclusory affidavits with their untimely response, in their brief, Appellants have failed to direct us to any specific or competent evidence in the record to support any of the elements of their affirmative defenses that Modesto challenged in his no-evidence motion; nor have Appellants included any citations to the record.[6] *See Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied) ("Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat [the grant of] summary judgment"); *see also Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013) (conclusory statements in affidavits are not proper summary judgment evidence); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749–50 (Tex. 2003) (same).

Further, Appellants failed to make any connection between the evidence referenced in their brief and the affirmative defenses challenged by Modesto. In the absence of any guidance from the nonmovant (Appellants here) as to where controverting summary judgment evidence can be found in the record, we are not

---

[6]As we have said, Appellants' brief does not include any citations to the record. The Texas Rules of Appellate Procedure require that an appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities *and to the record*." TEX. R. APP. P. 38.1(i) (emphasis added). Such a broad statement, with no citations to the record, does not acquaint our court with the issues in the case or enable us to decide the case. *See* TEX. R. APP. P. 38.9. Accordingly, Appellants brief is substantially deficient on this issue which may constitute a waiver of the argument presented.

required to sift through voluminous deposition transcripts, conclusory affidavits, and other documents in search of evidence to support the nonmovant's argument that a fact issue exists. *See Nguyen*, 404 S.W.3d at 776; *see also Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.—El Paso 2005, pet. denied); *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (op. on reh'g); *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied). Such is the case here.

### b. *Traditional Summary Judgment*

We next address Appellants' arguments regarding Modesto's traditional motion. First, Appellants argue that there is sufficient evidence in the record to raise a genuine issue of material fact regarding whether Modesto acquired 100% of the ownership interest in the property. Specifically, Appellants contend that (1) the 2012 deed transfer between Modesto and Estella is unenforceable due to a lack of consideration, and (2) Eusebio provided consideration for the 1998 purchase of the property and thus owned a one-third interest in the property. Second, Appellants challenge the grant of summary judgment in favor of Modesto based on his counter-affirmative defense of statute of frauds because Eusebio's provision of consideration for the 1998 purchase of the property falls within the partial performance exception to the statute of frauds. Third, Appellants argue that the trial court erred when it granted summary judgment in favor of Modesto and declared that Modesto owned 100% of the interest in the property because, under the *Duhig* doctrine, Estella could not convey a greater interest in the property than she owned through the 2012 deed. *See Duhig*, 144 S.W.2d at 879–81.

The arguments that Appellants now advance on appeal were not raised or presented to the trial court because Appellants made no response to Modesto's traditional motion. If a nonmovant does not file a written response to a traditional motion for summary judgment but then on appeal desires to contend that summary

judgment was improperly granted, the only issue the reviewing court may consider on appeal is whether the grounds expressly presented to the trial court in the movant's motion are sufficient as a matter of law to support the grant of summary judgment. *See Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex. App.—Amarillo 1980, writ ref'd n.r.e.) (discussing *Clear Creek*, 589 S.W.2d at 678–79). To be considered, any other issue raised on appeal by the nonmovant must have first been expressly presented to the trial court for determination in a written, specific response or answer to the motion for summary judgment. *Id.*

As we have discussed, Appellants submitted an untimely response which the trial court, in its discretion, refused to consider. Thus, Appellants failed to present any arguments or evidence to the trial court for its determination that would challenge Modesto's motion. Accordingly, and again, Appellants have not preserved the arguments presented in their brief for our review. *See* TEX. R. APP. P. 33.1. As a consequence, we may only consider whether the grounds asserted by Modesto in his motion are sufficient as a matter of law to support the summary judgment that the trial court granted in his favor.

Modesto moved for traditional summary judgment on his claim to quiet title. To prevail on a claim to quiet title the plaintiff must prove, as a matter of law, that (1) he has a right, title, ownership, or an interest in a specific property, (2) the title to the property is clouded or affected by a claim asserted by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Lance v. Robinson*, 543 S.W.3d 723, 739 (Tex. 2018); *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). The purpose of a suit to quiet title is to remove a cloud on the title that has been created by an invalid claim. *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 726–27 (Tex. App.—Eastland 2011, pet. denied). When it determined

22

that Modesto was entitled to summary judgment based upon the grounds raised in his traditional motion, the trial court found, declared, and ordered that (1) the notice of lis pendens was invalid and of no force and effect, (2) the property was quieted in favor of Modesto, and (3) both the 1998 and 2012 deeds constituted a valid transfer of 100% ownership of the property to Modesto.

In his traditional motion, Modesto asserted that: (1) he acquired the first half of the ownership interest in the property by warranty deed from Grey Wolf Drilling on May 13, 1998, and the second half of the ownership interest by general warranty deed from Estella on April 30, 2012; (2) a lien created by a notice of lis pendens was filed on April 13, 2009, as a part of the administration of Donato's estate; and (3) the lien continued to cloud the title on the property because Estella refused to release the lien. In support of his arguments, Modesto attached the following evidence to his motion: (1) the 1998 deed from Grey Wolf Drilling; (2) the 2012 warranty deed from Estella; (3) the notice of lis pendens; (4) his affidavit attesting that the notice of lis pendens was filed as a part of the administration of Donato's estate, that a release of the lis pendens was mailed to Estella and she did not sign it, and that the notice of lis pendens still appeared in the deed records of Ector County; and (5) two letters sent to Estella requesting that the lis pendens be released. This summary judgment evidence was not refuted.

We have thoroughly reviewed the record and we conclude that the summary judgment evidence submitted by Modesto in support of his claim to quiet title is sufficient as a matter of law to support the trial court's grant of summary judgment in his favor on this claim. *See Clear Creek*, 589 S.W.2d at 678–79. We further conclude that the same evidence is sufficient as a matter of law to support the trial court's grant of summary judgment and declaration that Modesto owns 100% of the interest in the property. Appellants' untimely response and attachments, even if considered, is insufficient to defeat Modesto's motion and does not create genuine

23

issues of material fact, as Appellants suggest. Accordingly, because the trial court did not err when it granted summary judgment in favor of Modesto, we overrule Appellant's second and third issues on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


September 14, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.